# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3315

_____

Howard Lee Leach,        *
                              *
       Appellant,        *
                              *
     v.                          *    Appeal from the United States
                              *    District Court for the
Larry Norris, Director, Arkansas    *    Eastern District of Arkansas.
Department of Correction; Marshall   *
Dale Reed, Warden, Cummins Unit,   *
ADC; Correctional Medical Services,   *    [UNPUBLISHED]
(originally sued as CMS Infirmary    *
Staff); Dr. Young, Cummins Unit,    *
ADC; Nelson, RNP, Cummins Unit,    *
ADC; John Doe, Director of Nursing,   *
Cummins Unit, ADC,            *
                              *
       Appellees.        *

_____

Submitted: April 22, 2002
Filed: May 15, 2002

_____

Before McMILLIAN, BOWMAN, and BYE, Circuit Judges.

_____

PER CURIAM.

Howard Lee Leach appeals the district court's Federal Rule of Civil Procedure 12(b)(6) dismissal of his 42 U.S.C. § 1983 action. Upon de novo review, see Ring

v. First Interstate Mortgage, Inc., 984 F.2d 924, 926 (8th Cir. 1993), we affirm in part and reverse in part.

Leach alleged that, while housed at Cummins prison farm, he did not receive adequate treatment for a large painful knot in his side and for breathing difficulties from asthma. Prison staff forced him to work in the fields, where the heat, dust, and lack of medicine aggravated his asthma, and he became sick and weak. The infirmary refused to see him despite his sick call requests and emergency grievances. When he missed work due to illness, he was placed in a punitive segregation unit where temperatures exceeded 100 degrees Fahrenheit. Further, Dr. Young canceled a scheduled biopsy surgery for the knot in Leach's side, and told Leach that he had to learn to live with the pain. Leach suffered an asthma attack while in punitive segregation, and when Nurse Nelson examined him, he showed her his medical records which demonstrated respiratory problems. Nevertheless, he was forced to return to field work. He could not complete the work, however, because of his medical condition, and he received further punishment. Leach complained to a state representative about his medical care and work assignment. The representative contacted Department of Correction Director Larry Norris and Warden Dale Reed, who assured the representative that Leach was receiving proper care. However, Norris and Reed ignored some of Leach's grievances, and merely forwarded others to the infirmary staff with a twenty-day period within which to respond.

We agree with the district court that any claims against Correctional Medical Services must fail because Leach did not allege the existence of an unconstitutional policy or custom. See Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999). However, we liberally construe Leach's complaint to raise claims against the remaining defendants. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (pro se complaint must be liberally construed ). Specifically, we believe Leach sufficiently alleged claims against Dr. Young and Nurse Nelson for deliberate indifference to his medical condition, see Johnson v. Lockhart, 941 F.2d 705, 707

(8th Cir. 1991), and against Director Norris and Warden Reed for abdication of their policy-making and oversight responsibilities, see Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995). We also recognize that Leach might seek to amend his complaint after learning through discovery the names of certain unknown staff members he mentions in his complaint. See Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995).

We decline to adopt the other grounds for dismissal suggested by defendants. First, Leach exhausted his administrative remedies because his grievances concerning the complained-of conduct had been denied by the Warden and Assistant Director before the district court ruled on his motion to dismiss. See Williams v. Norris, 176 F.3d 1089, 1090 (8th Cir. 1999) (per curiam). Second, we reserve for the district court on remand the issue whether Leach sufficiently pleaded personal-capacity claims against defendants, see Murphy v. Arkansas, 127 F.3d 750, 754-55 (8th Cir. 1997) (personal-capacity pleading requirement), as we are mindful that the district court might have granted Leach leave to amend his complaint to clarify that he was suing defendants in their personal capacities.

Finally, we deny Leach's motion to compel because his records are not relevant at this stage and he may seek documents on remand through discovery.

Accordingly, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.